# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>AUDREY GILL,<br><br>    Respondent. | Case No.  1:13-cv-01862-SAB-HC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br>[ECF NO. 11] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On February 4, 2014, Petitioner filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure based on Respondent's purported failure to comply with a court order.  Respondent did not file an opposition.  For the reasons stated below, the Court rejects Petitioner's contention.

Rule 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Petitioner makes no such showing.  He merely requests summary judgment as a punitive measure for Respondent's alleged failure to comply with a time deadline. Summary judgment is not available in habeas corpus proceedings as a procedure to empty

prisons. Regardless of Respondent's alleged failure, 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." The alleged failure of federal officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. Further, 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. This inquiry may not be bypassed merely because Respondent allegedly missed a deadline. Summary judgment is inappropriate.

Moreover, the docket reflects that Respondent did in fact timely comply with the deadline set by the Court. On December 2, 2013, the Court set the deadline for filing a response to sixty days, which computes to January 31, 2014. ECF 4. Respondent filed a motion for extension of time on January 30, 2014, which this Court granted on February 4, 2014. ECF 10,12. Respondent has until March 10, 2014, to respond. ECF 12. Therefore, Petitioner's assertion that Respondent failed to comply with a court order is meritless.

The Court concludes that Petitioner is not entitled to summary judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle Petitioner to default.).

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   **March 3, 2014**

UNITED STATES MAGISTRATE JUDGE