# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>AUDREY GILL,<br><br>    Respondent. | Case No. 1:13-cv-01862-SAB-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.**

**BACKGROUND**

Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution located in Mendota, California, serving a sentence of 240 months pursuant to a 2004 conviction for conspiracy and possession with intent to distribute cocaine base. Resp't's Answer, Ex. 1, De Vore Decl., (hereinafter "De Vore Decl.") at ¶ 3. Petitioner currently has a projected release date of January 31, 2022, via good conduct time. De Vore Decl. at Attach. 1.

On November 18, 2013, Petitioner filed a federal petition for writ of habeas corpus in this

1 Court.  He does not challenge his conviction, but a disciplinary proceeding held on September
2 13, 2012, in which he was found guilty of violating Prohibited Act Codes 296 ("Use Of Mail For
3 Abuses Other Than Criminal Activity (Furthering A High Severity Act Of Misconduct)"), and
4 299 ("Conduct Which Disrupts The Orderly Running Of The Institution MOST LIKE Code
5 240A, Attempted Extortion").  Id. at Attach. 5(c).  Petitioner claims his due process rights were
6 violated because (1) he was not provided at least twenty-four hours advance written notice of the
7 charges; and (2) he did not receive an impartial disciplinary hearing.

8       On March 6, 2014, Respondent filed an answer to the petition.  Respondent contends the
9 petition lacks merit and should be denied.  On March 17, 2014, Petitioner filed a traverse.

## II.

## DISCUSSION

### A.   Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence.  Therefore, the Court has

jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

### B.   Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at the Federal Correctional Institution in Mendota, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

### C.   Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief:

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

701 F.2d 844, 845 (9th Cir.1983) (per curiam); see also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing

prisoner complaints.  The procedure is set forth at 28 C.F.R. §§ 542.10 et seq.  First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request with the Warden.  28 C.F.R. § 542.14.  Upon denial by the Warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons.  28 C.F.R. § 542.15.  The Regional Director's decision may be appealed to the General Counsel in the Central Office of the BOP.  Id.  Appeal to the General Counsel is the final step in the administrative remedy process.  Id.  In addition, if the appeal involves the finding of a DHO, the inmate may appeal directly to the Regional Director and then to the General Counsel.  28 C.F.R. § 542.14(d)(2).

Respondent agrees that Petitioner has exhausted his administrative remedies by presenting his claims to the highest level.

**D.      Review of Petition**

1.      Factual Background[1]

On August 15, 2012, Petitioner mailed a letter to the Clerk of the United States District Court in Sacramento, California.  The letter was titled "Non-Negotiable Letter of Rogatory."  It was filed in the district court on August 20, 2012.  The letter referenced Petitioner's underlying criminal case and reads, in part:

ATTN: Clerk of Court,

I request of you in your public/and private capacity(ies) to perform the necessary functions to process the above referenced closure of Instruments through (TT&L) Treasury Tax & Lien system for set-off/full settlement and closure of Case/Account No. 2:04-cr-0019 MCE in accordance with Uniform Commercial Code § 3-419 and § 1-104; Public Law 73-10; and (H.J.R.) House Joint Resolution 192 of June 5th 1933 A.D. (Discharge of all debt(s) Public and Private). Effectuate to zero "0" balance of said account(s).  Pursuant to Fed. R. Civ. Proc. Rule 8(c) I ACCEPT FOR VALUE.

By request hereof good conscious and faith are incumbent upon you.  You, joint and several, are herein properly given NOTICE OF EXPLICIT RESERVATION

---
[1] The factual background is derived from the De Vore Declaration attached to Respondent's answer and supporting exhibits.

OF ALL MY INALIENABLE RIGHTS:

To Wit: No further debt(s), default lien(s), judgment lien(s), obligation(s), and no contract(s) existing to the contrary, Case No. 2:04-cr-0019 MCE, Release of Rodney Butler is now forthwith prejudice.

To Wit: Accordingly, you are commanded to Release My personam (body)/(property) from the Confines and Restraints of the Federal Bureau of Prisons and Release the Order of the Court to me within the (72) hour Truth-in-Lending time for Settlement of Retail Agreements of this Notice.

De Vore Decl. at Ex. 5(a).

On August 27, 2012, at approximately 8:00 a.m., prison staff member Knoll searched incoming mail for contraband and discovered Petitioner's "Letter of Rogatory," which had been mailed back to Petitioner by the district court. Knoll noted that the letter requested "the clerk of the court to process the above referenced instruments for a set-off/full settlement and closure" to Petitioner's criminal case. Knoll noted the letter went further and "commanded" the clerk "to Release [Petitioner's] personam, body/property, from the restraints of the Federal Bureau of Prisons and release the Order of the Court to [Petitioner] within 72 hours. . . ." Knoll drafted an incident report and charged Petitioner with violating the BOP's Prohibited Act Codes 296 (misuse of mail) and 294 (extortion). Petitioner was given a copy of the incident report at 8:15 p.m. on August 27, 2012.

On September 13, 2012, a disciplinary hearing was held before Discipline Hearing Officer ("DHO") De Vore. Petitioner was advised of his rights and waived his right to a staff representative. He acknowledged having received a copy of the incident report in advance of the hearing. The DHO then read aloud the incident report in Petitioner's presence. Petitioner responded to the charges by stating he did not extort anyone and was merely trying to pay his debt, fine, and assessments. The DHO asked for any evidence of a court-imposed fine or restitution. Petitioner responded that his letter was an attempt to discover whether he had any fines outstanding. The DHO noted the letter and asked where within the letter could be found a request for information on any outstanding fines or assessments. The DHO further noted the portion of the letter demanding release within 72 hours. Petitioner replied that he was only asking release once "they" paid his fine.

The DHO reviewed the incident report and investigation, the documents Petitioner had sent to the court, and Petitioner's discipline record and concluded Petitioner had violated Code 296, for "Use Of Mail For Abuses Other Than Criminal Activity (Furthering A High Severity Act of Misconduct)," and Code 299, for "Conduct Which Disrupts The Orderly Running Of The Institution MOST LIKE Code 204A, Attempted Extortion." Petitioner was sanctioned with, inter alia, a disallowance of good conduct time of 54 days, and a forfeiture of non-vested good conduct time of 127 days.

2.  Claim of Denial of Procedural Due Process

Petitioner first alleges he was denied his procedural due process right to advance written notice of new disciplinary charges. Petitioner states he was initially charged with violations of Code 296 (Abuse of Mail) and Code 204 (Extortion). At the hearing, however, the DHO changed the Code 204 charge to Code 299 "MOST LIKE 204A, Attempted Extortion." De Vore Decl. at Ex. 5(c). Code 299 prohibits conduct "which disrupts or interferes with the security or orderly running of the institution of the BOP." Id. The DHO then found Petitioner guilty of violating Codes 296 and 299. Respondent contends Petitioner was given sufficient notice of the charged misconduct and the charges against him when he received the incident report.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary

action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

With respect to the first factor, the Supreme Court has stated that "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance...." Wolff, 418 U.S. at 564. However, the purpose for receiving notice is "to inform [the inmate] of the charges and to enable him to marshal the facts and prepare a defense." Id. Therefore, once an inmate has received notice of facts "sufficient to apprise [him] that he could be subject to [the new] charge," due process is satisfied. Northern v. Hanks, 326 F.3d 909, 910–11 (7th Cir.2003) (no due process violation where inmate's advance notice of conspiracy and bribery charges contained facts sufficient to apprise him that he could be subject to later attempted trafficking charge); see also Bostic v. Carlson, 884 F.2d 1267, 1270–71 (9th Cir.1989) (although incident report accused inmate of "stealing" when he was ultimately disciplined for possession of contraband, due process was satisfied because the incident report "described the factual situation that was the basis for the finding of guilt of possession of contraband and alerted Bostic that he would be charged with possessing something he did not own"); Holt v. Caspari, 961 F.2d 1370, 1373 (8th Cir.1992) (no due process violation when charge was elevated from possession of contraband to possession of dangerous contraband because the conduct violation report "gave Holt all of the information he needed to make his defense.... Any defense he would assert would not differ because of the increase in the penalty. The facts are set forth plainly and clearly, and a constitutional violation has not been charged."); Zimmerlee v. Keeney, 831 F.2d 183, 188 (9th Cir. 1987) (notice of charges was sufficient when prisoner was provided information "to marshal facts to prepare his defense and to clarify the charges"); Downs v. Wages, 62 F.3d 395 (5th Cir. 1995) (Although inmate was charged with attempted escape by forgery, no due process violation occurred when inmate was found guilty of forgery because inmate was alerted to the potential for inquiry into forgery).

Here, the record establishes Petitioner received ample notice of the factual basis for the disciplinary charge when he was given a copy of the incident report more than two weeks before

the hearing. The incident report made Petitioner aware of the factual basis underlying the charges against him; to wit, that he mailed a "Letter of Rogatory" to the district court with language demanding his release from prison under threat or through extortion. The facts contained in the incident report were clearly sufficient to apprise Petitioner that he could be subject to a charge of engaging in conduct, specifically attempted extortion, which disrupts or interferes with the security and orderly running of the institution. See Northern, 326 F.3d at 910.

Further, the incident report contained all of the facts necessary to enable Petitioner "to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Indeed, on every occasion through the disciplinary process Petitioner denied the charges against him and defended his letter by explaining he was not attempting to extort anyone and was only trying to pay a fine. Whether Petitioner's acts constituted "extortion" or "engaging in acts of attempted extortion which disrupts or interferes with the security and order running of the institution," he fails to explain how his defense could possibly have been different. Moreover, the DHO's decision, as well as the DHO's finding that Petitioner's defense was not credible, were based exclusively on the same facts, which Petitioner had notice of more than two weeks before his hearing. Accordingly, the DHO's determination that the facts alleged constituted a violation of Code 299 rather than 204 did not violate due process. Wolff, 418 U.S. at 564; Northern, 326 F.3d at 910; Bostic, 884 F.2d at 1270–71; Holt, 961 F.2d at 1373.

3. Claim of Lack of an Impartial Hearing

Petitioner also broadly claims he was denied an impartial hearing. The claim is completely unfounded and unsupported by any facts. Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion)). Therefore, the claim must be dismissed.

///

///

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for a Writ of Habeas Corpus is DENIED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) As this petition is filed pursuant to 28 U.S.C. § 2241 and does not concern the underlying conviction, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **April 7, 2014**

UNITED STATES MAGISTRATE JUDGE